[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff (Father) and the defendant (Mother), who never married, are the parents of a male child, Chance, born January 14, 1996.
In April, 2000, the defendant filed an application in the Probate Court for the District of Bridgeport for the removal of the plaintiff as the guardian of the person of the minor child.
On October 17, 2000, the plaintiff filed a complaint in the Superior Court in Stamford seeking joint legal custody and visitation rights.
In November 2000, the parties entered into a stipulation in the Bridgeport Probate Court requesting a transfer of the petition for removal of the plaintiff as guardian to the Stamford Superior Court. On November 1, 2000, the Probate Court issued a transfer order in accordance with the stipulation.
On January 22, 2001, the parties entered into a stipulation concerning visitation by the plaintiff. It provides for supervised visitation between 10 a.m. and noon, every other Sunday.
In May, 2001, the plaintiff filed a motion to modify the visitation schedule
As a result of the filings of both parties, this court held a hearing on the following matters:
(1) The defendant's Application for removal of the plaintiff father as guardian of the person of the minor child, Chance;
(2) The plaintiff fathers motion for joint custody (#104);
(3) The plaintiff fathers, motion to modify visitation (#116).
The child was represented by counsel, and a guardian ad litem was appointed. Both appeared and participated in the trial. The court heard testimony from the parties and their witnesses, which included representatives of the Family Services Unit of the Superior Court and of CT Page 3034 the Department of Children and Families.
The court has carefully considered the testimony, the exhibits presented and the arguments of counsel. It has also examined the appropriate statutes concerning the removal and appointment of guardians, as well as those dealing with custody and visitation issues.
The following orders shall enter:
I. REMOVAL OF GUARDIANSHIP APPLICATION
Section 45a-610 of the General Statutes provides that a court may remove a parent as guardian if the applicant establishes by clear and convincing evidence one of the enumerated situations set forth in the statute. The court finds that the defendant has satisfied her burden of proof as to sections 2 and 3 of the statute. To date, the plaintiff has failed to maintain a reasonable degree of interest, concern or responsibility for his son's welfare, and the child has been denied the care from his father necessary for his well being.
Therefore, the application is granted. The plaintiff father is hereby removed as a guardian of the person of the minor child, Chance.
The plaintiff may at some future time seek reinstatement as a guardian of the person if the factors which have resulted in his removal have been satisfactorily resolved, and it is then in the best interests of the minor child to reinstate the plaintiff.
The defendant has requested the court appoint as a guardian of the person for the minor child her civil partner, Laura Casey.
The court has reviewed the factors enumerated in General Statutes Section 45a-617 in considering the defendant's request. Ms. Casey is found to be eminently qualified to serve in the important and significant capacity as guardian.
It is ordered that Laura Casey shall be, along with the defendant, a guardian of the person of the minor child, Chance.
II. PLAINTIFF'S MOTION FOR JOINT CUSTODY
The plaintiff indicated at trial that he was not pursuing his claim for joint custody. Under the circumstances of this case, it would be inappropriate to order such an arrangement.
It is ordered that the defendant shall have sole legal and physical CT Page 3035 custody of the minor child, Chance.
III. PLAINTIFF'S MOTION TO MODIFY VISITATION
Although there is a current visitation order in place, the plaintiff has failed to exercise his visitation rights for the past ten months. He has offered no reasonable explanation for his not contacting his son. The defendant's concerns that the plaintiff may continue this pattern is understandable.
However, the court has concluded from the evidence that it would be in the minor child's best interest that he have a relationship with his father. Therefore, the court is going to give the plaintiff an opportunity to demonstrate that his current interest in his son is genuine and that he is sincere in playing a significant role in the child's life.
The motion to modify visitation is granted. The following orders may enter:
(1) The plaintiff shall have visitation with the child on alternating weekends. The first on a Saturday, the second on a Sunday and alternating on those days thereafter, subject to changing the order by agreement of the parties;
(2) The schedule shall commence on Saturday, March 30, 2002 between the hours of 10 a.m. and noon. All subsequent visits shall be between 1 p.m. and 4 p.m.;
(3) All visits shall be supervised. The initial visit on March 30th shall be supervised by either the defendant or Laura Casey. All subsequent visits shall be supervised only by a third party.
The parties shall agree on the supervisor. If they are unable to do so, each party and the guardian ad litem shall submit to the court the name of a supervisor with a brief description of the proposed candidate with an indication if there are any costs involved. From the list submitted, the court will designate the supervisor.
(4) This visitation schedule shall remain in place until further order of the court.
On July 16, 2002 at 10 a.m., the court will conduct a hearing to review this schedule. At that time, it will consider terminating visitation, expanding it and whether to permit unsupervised visitation in the future. CT Page 3036
IV. FEES
(1) Each party shall pay his or her own counsel fees.
(2) The responsibility for the payment of the fees of the guardian ad litem, Bonnie Amendola, which total $5,279 shall be allocated as follows:
A. The plaintiff shall pay the sum of $3,700
B. The defendant shall pay the sum of $1,579
(3) The responsibility for the payment of the balance of the fees of the attorney for the child, Karen McCormack, which total $4,485, shall be allocated as follows:
A. The plaintiff shall pay the sum of $3,150
B. The defendant shall pay the sum of $1,335
The court notes that the plaintiff used for personal purpose the $665 in the Fleet Bank Account in the name of his son under the Uniform Gift to Minors Act.
The court has taken that into consideration in its allocation of the payment of the fees of the child's attorney.
Orders may enter accordingly.
NOVACK, J.T.R.